IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
THE DISCO BISCUITS

                              Plaintiff,                    Docket No. 07 CV 5909

                                                            **DEFENDANTS', SUNSET**
                                                            **RECORDS GROUP, INC.**
            Vs.                                             **AND DONALD LICHTERMAN,**
                                                            **RULE 7.1 STATEMENT**

SUNSET RECORDS GROUP, INC., DON
LICHTERMAN, JOHN DOE 1 and JOHN DOE 2

                              Defendants.
--------------------------------------------------------------X


        Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule
1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible
disqualification or recusal, the undersigned counsel for Defendants, Sunset Records Group, Inc.
and Donald Lichterman, private non-governmental parties, certifies that the following are
corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:

        The Defendants are not publicly held companies and has no corporate parent, affiliate
and/or subsidiary that is publicly held.


Dated: August 15, 2007          **LAW OFFICES OF MICHAEL D. RITIGSTEIN**


                                By: _____
                                Michael D. Ritigstein (MR-2167)
                                200 Haddon Avenue
                                Haddonfield, NJ 08033
                                TEL: (856) 427-4222
                                FAX: (856) 427-7255
                                Attorneys for Defendants, Sunset Holding Company, LLC
                                (incorrectly captioned "Sunset Records Group, Inc.") and
                                Don Lichterman

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE DISCO BISCUITS

                             Plaintiff,

vs.

SUNSET RECORDS GROUP, INC., DON
LICHTERMAN, JOHN DOE 1 and JOHN DOE 2

                           Defendants.
------------------------------------------------------------------X

Docket No.  07 CV 5909
Hon. Naomi Reice Buchwald

**DEFENDANTS' ANSWER
TO COMPLAINT**

       Defendants, Sunset Holding Company, LLC (incorrectly captioned "Sunset

Records Group, Inc." hereinafter "Sunset") and Don Lichterman (hereinafter

"Lichterman") (collectively "Defendants"), by their attorneys The Law Offices of

Michael D. Ritigstein, hereby responds to the Complaint of Plaintiffs, The Disco Biscuits

(hereinafter the "Plaintiffs") as follows.

<strong>JURISDICTION AND VENUE</strong>

       1.     Defendants admit that Plaintiff's Complaint is styled as a complaint

seeking to recover damages and injunctive relief under the copyright laws of the United

States.  Except as expressly admitted herein, Defendants deny the allegations in

paragraph 1 of the Complaint.

       2.     Admitted.

       3.     It is admitted that this court has personal jurisdiction over the Defendants,

and venue is proper in this district.  It is further admitted that Defendants are doing

business in this District.   Except as expressly admitted herein, Defendants deny the
allegations in paragraph 3 of the Complaint.

## PARTIES

4.      Defendants are without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in paragraph 4 of the Complaint and on
that basis deny the allegations contained therein.

5.      Admitted.

6.      Admitted.

7.      Defendants are without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in paragraph 7 of the Complaint and on
that basis deny the allegations contained therein.

## FACTS

8.      Defendants are without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in paragraph 8 of the Complaint and on
that basis deny the allegations contained therein.

9.      Defendants are without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in paragraph 9 of the Complaint and on
that basis deny the allegations contained therein.

10.      Defendants are without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in paragraph 10 of the Complaint and on
that basis deny the allegations contained therein.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and on that basis deny the allegations contained therein.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and on that basis deny the allegations contained therein.

13.     Defendants admit that Sunset is engaged in the sale of Digital Audio Transmissions featuring the copyrighted material of a variety of performing artists. Except as expressly admitted herein, Defendants deny the allegations in paragraph 13 of the Complaint.

14.     Defendants admit that Sunset is engaged in the sale of MP3's featuring the copyrighted material of performing artists. Except as expressly admitted herein, Defendants deny the allegations in paragraph 14 of the Complaint.

15.     Defendants admit that Sunset is engaged in the sale of CD's featuring the copyrighted material of a variety of performing artists. Except as expressly admitted herein, Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants admit that Sunset is engaged in the sale of DVD's featuring the copyrighted material of a variety of performing artists. Except as expressly admitted herein, Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants admit that Sunset is engaged in the sale of other electronic media featuring the copyrighted material of a variety of performing artists. Except as expressly admitted herein, Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Admitted.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and on that basis deny the allegations contained therein.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and on that basis deny the allegations contained therein.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and on that basis deny the allegations contained therein.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and on that basis deny the allegations contained therein.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and on that basis deny the allegations contained therein.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and on that basis deny the allegations contained therein.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and on that basis deny the allegations contained therein.

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and on that basis deny the allegations contained therein.

29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and on that basis deny the allegations contained therein.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and on that basis deny the allegations contained therein.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and on that basis deny the allegations contained therein.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in paragraph 36 of the
Complaint.

37.    Defendants deny the allegations contained in paragraph 37 of the
Complaint.

38.    Defendants deny the allegations contained in paragraph 38 of the
Complaint.

39.    Defendants deny the allegations contained in paragraph 39 of the
Complaint.

40.    Defendants deny the allegations contained in paragraph 40 of the
Complaint.

41.    Defendants deny the allegations contained in paragraph 41 of the
Complaint.

42.    Defendants deny the allegations contained in paragraph 42 of the
Complaint.

43.    Defendants deny the allegations contained in paragraph 43 of the
Complaint.

44.    Defendants deny the allegations contained in paragraph 44 of the
Complaint.

45.    Defendants deny the allegations contained in paragraph 45 of the
Complaint.

46.    Defendants deny the allegations contained in paragraph 46 of the
Complaint.

47.    Defendants deny the allegations contained in paragraph 47 of the Complaint.

## COUNT 1
## INFRINGEMENT OF COPYRIGHTS

48.    Defendants repeat and incorporate by reference its responses as set forth in paragraphs 1 through 47 above.

49.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and on that basis deny the allegations contained therein.

50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and on that basis deny the allegations contained therein.

51.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and on that basis deny the allegations contained therein.

52.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and on that basis deny the allegations contained therein.

53.    Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.    Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.    Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.    Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.    Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in paragraph 64 of the Complaint.

## COUNT 2
## PERMANENT INJUNCTION

65.    Defendants repeat and incorporate by reference its responses as set forth in paragraphs 1 through 64 above.

66.    Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.    Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.    Defendants deny the allegations contained in paragraph 68 of the Complaint.

## COUNT 3
## BREACH OF CONTRACT

69.    Defendants repeat and incorporate by reference its responses as set forth in paragraphs 1 through 68 above.

70.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and on that basis deny the allegations contained therein.

71.    Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.    Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.    Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in paragraph 75 of the Complaint.

## COUNT 4
## ACCOUNTING

76.    Defendants repeat and incorporate by reference its responses as set forth in paragraphs 1 through 75 above.

77.    Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.    Defendants deny the allegations contained in paragraph 78 of the Complaint.

## COUNT 5
## UNJUST ENRICHMENT

79.    Defendants repeat and incorporate by reference its responses as set forth in paragraphs 1 through 78 above.

80.    Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.    Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of the Complaint.

## COUNT 6
## PUNITIVE DAMAGES

83.    Defendants repeat and incorporate by reference its responses as set forth in paragraphs 1 through 82 above.

84.    Defendants deny the allegations contained in paragraph 84 of the Complaint.

10

85.    Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.    Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.    Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.    Defendants deny the allegations contained in paragraph 88 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

89.    The claims alleged in the Plaintiff's Complaint are barred, in whole or in part, by the doctrine of unclean hands and laches.

### SECOND AFFIRMATIVE DEFENSE

90.    The claims alleged in the Plaintiff's Complaint are barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

91.    The claims alleged in the Plaintiff's Complaint are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

92.    The negligence, if any, was the result of the acts or omissions of someone other than the Defendants.

11

## FIFTH AFFIRMATIVE DEFENSE

93.    The claims alleged in the Plaintiff's Complaint fail to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

94.    The injuries and/or losses allegedly sustained by Plaintiffs were not proximately caused by these Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Defendants Sunset Holding Company, LLC (incorrectly captioned "Sunset Records Group, Inc.") and Don Lichterman pray for a judgment in their favor and against Plaintiffs, The Disco Biscuits as follows:

a.    Dismissing with prejudice all of the Plaintiff's claims against Defendants, Sunset Holding Company, LLC (incorrectly captioned "Sunset Records Group, Inc.") and Don Lichterman;

b.    Ordering the Plaintiffs to pay Sunset Holding Company, LLC (incorrectly captioned "Sunset Records Group, Inc.") and Don Lichterman's reasonable attorneys' fees, taxable costs and disbursements associated with this action; and

c.    Ordering that Sunset Holding Company, LLC (incorrectly captioned "Sunset Records Group, Inc.") and Don Lichterman have such other and

further relief as the Court may deem just and proper.

Dated: August 15, 2007

**LAW OFFICES OF MICHAEL D. RITIGSTEIN**

Michael D. Ritigstein (MR-2167)
200 Haddon Avenue
Haddonfield, NJ 08033
TEL: (856) 427-4222
FAX: (856) 427-7255
Attorneys for Defendants, Sunset Holding
Company, LLC (incorrectly captioned "Sunset
Records Group, Inc.") and Don Lichterman

13

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/9/07

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

THE DISCO BISCUITS

                              Plaintiff,                    Docket No. 07 CV 5909
                                                            **STIPULATION
                                                            EXTENDING TIME TO
        Vs.                                                 ANSWER**

SUNSET RECORDS GROUP, INC., DON
LICHTERMAN, JOHN DOE 1 and JOHN DOE 2

                              Defendants.
--------------------------------------------------------X

        WHEREAS, defendants, Sunset Holding Company, LLC (incorrectly captioned
"Sunset Records Group, Inc.") and Don Lichterman received service of Complaint, dated
June 21, 2007, via mail postmarked July 2, 2007;

        WHEREAS, the Law Offices of Michael D. Ritigstein is representing the above-
mentioned defendants in this matter;

        NOW IT IS HEREBY STIPULATED AND AGREED by and between the
undersigned counsel that the time for defendants, Sunset Holding Company, LLC
(incorrectly captioned "Sunset Records Group, Inc.") and Don Lichterman to answer,
move or otherwise respond to plaintiff's Complaint is extended by three (3) weeks to
August 15, 2007.

        Dated: July **23**, 2007

THE SCHER LAW FIRM LLP                    THE LAW OFFICES OF MICHAEL D.
                                          RITIGSTEIN.

By:                                       By:
Martin Scher, Esquire (MS4093)            Michael D. Ritigstein, Esquire
One Old Country Road                      200 Haddon Avenue
Carle Place, New York 11514               Haddonfield, New Jersey 08033
Tel: (516) 746-5040                       Tel: (856) 427-4222

Attorneys for Plaintiff                   Attorneys for Defendants
The Disco Biscuits                        Sunset Holding Company, LLC
                                          (incorrectly captioned "Sunset Records
                                          Group, Inc.")and Don Lichterman

SO ORDERED                                DATED:    August  **7**  , 2007
            USDJ

### PROOF OF SERVICE

The undersigned hereby certifies that:

On August 15, 2007, I forwarded to the addressee listed below, via United Parcel

Service, a copy of the within Answer to Plaintiff's Complaint with Separate Defenses.

Martin H. Scher, Esquire
The Scher Law Firm, LLP
One Old Country Road, Suite 382
Carle Place, New York 11514

The foregoing statement made by me is true.  I am aware that if the statement is

willfully false, I am subject to punishment.

Michael D. Ritigstein, Esquire

DATED: August 15, 2007