UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DISCO BISCUITS,

                               Plaintiff,

                                                                                                                                                  07 CV 5909

                           -against-                                    (Judge Buchwald)

SUNSET RECORDS GROUP, DONALD LICHTERMAN,      **CASE MANAGEMENT**
JOHN DOE "1" AND JOHN DOE "2",                       **AND SCHEDULING**
                                                 DefendantS.                       **ORDER**
------------------------------------------------------------------------X

**Naomi R. Buchwald, U.S.D.J.**

**I.**        **<u>DEADLINES AND COURT APPEARANCES</u>**

| | |
|---|---|
| Deadline for completion of initial disclosures required by Rule 26(a): | January 11, 2008 |
| First request for production of documents and first request for interrogatories due by: | February 15, 2008 |
| Deadline for joinder of additional parties and amendment of pleadings: | March 14, 2008 |
| <u>Status Conference</u>: | April 16, 2008 at 9:30 a.m. |
| All discovery, including production of all expert reports, if any, to be completed by: | July 25, 2008 |
| Dispositive motion process started by: | September 1, 2008 |
| Joint pretrial order due by: | September 19, 2008 |
| <u>Pretrial Conference</u>: | October 15, 2008 |

II.     **DISCOVERY IN GENERAL**

    a.  **Stays of discovery.**  Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, a referral to mediation, or an agreement among the parties to suspend discovery.  A party seeking a stay of discovery must seek a court order and must show good cause why such relief should be granted.

    b.  **Written discovery.**  Unless otherwise agreed to by the parties or so ordered by the court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is due no later than 30 days after service of the request.  All such requests and responses must conform to Local Civil Rules 26.3 (uniform definitions in discovery requests), 26.5 (cooperation among counsel in discovery), 26.6 (regarding attorney review of form discovery requests), and 26.7 (discovery requests to be read reasonably).

    c.  **Depositions.**  Pursuant to Local Civil Rule 26.5, counsel are expected to cooperate with each other, consistent with the legitimate interests of their clients, in scheduling depositions.  If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Federal Rule of Civil Procedure 30 unless excused by the party that served the notice or by the court.

    d.  **Expert discovery.**  Unless specific deadlines for expert discovery are set forth above, the deadline for completing all discovery includes all the production of all expert reports, including any rebuttal reports.  The parties must ensure that they have completed underlying fact discovery, and that they have produced initial expert reports, in sufficient time for any rebuttal reports to have been served by the deadline.  Unless otherwise ordered, or unless the parties agree to proceed otherwise, expert dispositions may take place at any time before trial.

    e.  **Compliance with deadlines.**  To be timely, a request for written discovery, deposition notice, or subpoena must be served in sufficient time for compliance to occur before the relevant deadline.  I may decide not to enforce an untimely request, notice, or subpoena.

    f.  **Discovery disputes.**

        i.  While the parties must attempt in good faith to resolve discovery disputes in good faith before seeking judicial intervention, they must also ensure that any unresolved dispute is brought to my attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines in this schedule.

ii. A motion to resolve a discovery dispute must be litigated pursuant to Local Civil Rules 37.3 and 6.4 and in accordance with my individual rules, which can be found at http://www.nyed.uscourts.gov/pub/rules/AKT-MLR.pdf. Motions that do not comply with all such requirements may not be accepted. Failure to submit a timely opposition in compliance with applicable rules may result in a motion being granted as unopposed.

### III.     STATUS CONFERENCE

**Three business days before the scheduled date set forth above, the parties are directed to file a letter** either reporting that discovery is proceeding on schedule and that there are no pending disputes requiring court intervention, or alternatively briefly describing the issues to be discussed at the conference. If warranted, I will cancel or adjourn the conference.

### IV.     DISPOSITIVE MOTIONS DEADLINE

The deadline for commencing dispositive motions is the date by which the **first** action must be taken to commence such a motion pursuant to the individual practices of the district judge to whom this case is assigned. As specified in the individual practice rules of the assigned district judge, that action will be either (a) submitting a letter requesting a pre-motion conference, (b) requesting an oral argument date from the district judge, (c) initiating the exchange of statements pursuant to Local Civil Rule 56.1, or (d) filing the notice of motion together with supporting papers. Each judge's individual rules can be found at www.nyed.uscourts.gov.

### V.     SETTLEMENT TO BE DISCUSSED AT PRETRIAL CONFERENCE

**No less than two business days before the pretrial conference,** each party must submit by mail or fax (not by ECF) a one-page, *ex parte* statement of its settlement position. The statement must specify the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position. These statements will be treated as confidential, and will not be docketed, and should therefore include a realistic statement of the party's settlement position. Meaningful settlement discussions will occur at this conference; clients or other persons with full settlement authority must be present or immediately available by telephone.

### VI.     MODIFICATIONS TO THE SCHEDULE

a. While the parties are encouraged to cooperate with each other in conducting discovery, they should not agree among themselves to any extensions that will render them unable to meet any deadline set forth above. **The deadlines in this order will be enforced, and will be modified only upon a timely showing of good cause.** The fact that party intends to seek summary judgment, standing alone, will not be considered good cause to alter or suspend the deadline for filing a joint pretrial order (if one is

required pursuant to the individual rules of the assigned district judge) or to postpone a discussion of settlement at the pretrial conference.

      b. A request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and will not be granted absent extraordinary circumstances.

      c. A request for modification of any deadline in this scheduling order must be in writing, and submitted in accordance with my individual practice rules.

## VII. ELECTRONIC FILING AND CONTACT INFORMATION:

All filings must be submitted electronically pursuant to Administrative Order 2004-08. The lead attorney for each party must be registered with the Court's ECF system and must file a notice of appearance in this action so that he or she will be personally notified of all filings. The parties are under a continuing obligation to keep the Court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

**SO ORDERED:**

Dated:    New York, New York
             January __, 2008

                              NAOMI R. BUCHWALD
                              United States District Court Judge

\\Lawserver1\DATA\OFFICE\Disco Biscuits\Litig v Sunset Records, Dk# 07-CV-5909\Discovery\Proposed Scheduling Order draft #1.doc