IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE DISCO BISCUITS

                        Plaintiff,

vs.

SUNSET RECORDS GROUP, INC., DON
LICHTERMAN, JOHN DOE 1 and JOHN DOE 2

                        Defendants.
-----------------------------------------------------------------X

Docket No. 07 CV 5909
Hon. Naomi Reice Buchwald

**NOTICE OF MOTION TO WITHDRAW AS COUNSEL**

      **PLEASE TAKE NOTICE** that the undersigned attorney for defendants Sunset Holdings, LLC (improperly captioned "Sunset Records Group, Inc.") and Don Lichterman, shall move before the Honorable Naomi Reice Buchwald, U.S.D.J. on January 30, 2008 at 9:00 a.m. or as soon thereafter as counsel may be heard for an Order granting attorney, Michael D. Ritigstein, to be relieved as counsel for defendants.

      We shall rely upon the attached Affidavit of Counsel in support hereof.

      WE HEREBY CERTIFY that the original of the within Notice of Motion has been filed with the Clerk and a copy of same has been transmitted to counsel for plaintiffs and to defendants.

                                        **LAW OFFICES OF MICHAEL D. RITIGSTEIN**

                            BY: _____
                                    MICHAEL D. RITIGSTEIN, ESQUIRE (MR-2167)
                                    200 Haddon Avenue
                                    Haddonfield, NJ 08033
                                    Telephone Number: (856) 427-4222
                                    Attorneys for Defendants

DATED: January 21, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE DISCO BISCUITS

                            Plaintiff,

vs.

SUNSET RECORDS GROUP, INC., DON
LICHTERMAN, JOHN DOE 1 and JOHN DOE 2

                            Defendants.
-----------------------------------------------------------------X

Docket No. 07 CV 5909
Hon. Naomi Reice Buchwald

**AFFIDAVIT OF MICHAEL D. RITIGSTEIN, IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

State of New Jersey  }
County of Camden    }ss.:

I, Michael D. Ritigstein, being duly sworn, deposes and say:

1. I am an attorney duly admitted to practice in this Court, the current attorney of record for defendants, Sunset Holdings, LLC (improperly captioned "Sunset Records Group, Inc.") and Don Lichterman, in the above-captioned action.

2. The claims in this matter are based upon copyright infringement and breach of contract arising from the alleged sale of plaintiff's sound recordings ("transaction").

3. On September 17, 2007, an initial case management conference was held before Judge Buchwald at which time she instructed plaintiff's to propound discovery requests upon defendants.

4. Discovery was answered by defendants in a timely manner.

5. Thereafter, a settlement conference was ordered between the parties and was scheduled on January 11, 2008.

6. After the settlement conference counsel and defendant, Don Lichterman, discussed the management and direction of the litigation.

7.  During the discussions, Defendant and counsel realized that they have irreconcilable differences over issues arising out of the management and direction of the litigation.

8.  As a result of those discussions, defendant and counsel agreed that they would not further work together on this matter and Michael Ritigstein was discharged as counsel as pursuant to an e-mail dated January 14, 2008. *See Exhibit "A."*

9.  As per Model Rules of Professional Conduct Rule 1.16(a)(3)(c) states, *"... a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the lawyer is discharged.*

10. A trial date is currently not scheduled and the discovery phase of litigation began on January 15, 2008. Therefore, defendants will not be prejudiced as a result of my withdrawal.

WHEREFORE, it is respectfully requested that the Court grant the within application to relieve Michael D. Ritigstein, Esquire as counsel for defendants, Sunset Holdings, LLC (improperly captioned "Sunset Records Group, Inc.") and Don Lichterman.

I hereby certify that the above statements are true and correct to the best of my knowledge, information and belief. I am aware that if any of the above statements are willfully false I am subject to punishment.

_____
MICHAEL D. RITIGSTEIN

Sworn to before me this
21ST day of January, 2008.

_____
NOTARY PUBLIC

KATHLEEN M. MALLON
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES 10/8/2011

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE DISCO BISCUITS

                        Plaintiff,

vs.

SUNSET RECORDS GROUP, INC., DON
LICHTERMAN, JOHN DOE 1 and JOHN DOE 2

                        Defendants.
----------------------------------------------------------------X

Docket No. 07 CV 5909
Hon. Naomi Reice Buchwald

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION
TO WITHDRAW AS COUNSEL**

## I.    STATEMENT OF FACT

The claims in this matter are based upon copyright infringement and breach of contract arising from the defendants' alleged sale of plaintiff's sound recordings.

On August 15, 2007, Michael Ritigstein became the current attorney of record for defendants, Sunset Holdings, LLC (improperly captioned "Sunset Records Group, Inc.") (hereinafter "SRG") and Don Lichterman, in the above-captioned action, when he filed an Answer on their behalf. On September 17, 2007, an initial case management conference was held before Judge Buchwald at which time she instructed plaintiff's to propound discovery requests upon defendants. On October 9, 2007, discovery requests were received from defense counsel and were answered in a timely manner. Thereafter, a settlement conference was ordered between the parties and was scheduled on January 11, 2008. Between the time the Complaint was answered and the time of the settlement conference, defendant, Don Lichterman and attorney, Michael Ritigstein had several meetings regarding the instant litigation.

After the settlement conference, counsel and defendant, Don Lichterman, discussed the management and direction of the litigation. At such time, Defendant informed counsel of irreconcilable differences over

issues arising out of the management and direction of the litigation. As a result, defendant and counsel agreed that they no longer would work together on this matter. Michael Ritigstein was discharged as counsel via an e-mail dated January 14, 2008. *See Exhibit "A."*

There is no trial date currently scheduled. The discovery phase of litigation began on January 15, 2008.

## II. LEGAL ANANLYSIS

Michael Ritigstein should be relieved as counsel as Defendant, Don Lichterman, on his behalf and on behalf of SRG, terminated Mr. Ritigstein's services on January 14, 2008.

The Rules of Professional Conduct are clear with respect to withdrawal of counsel. As per Model Rules of Professional Conduct Rule 1.16(a)(3)(c) states, *"... a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the lawyer is discharged.*

In the matter at hand, after the settlement conference dated January 11, 2008, counsel and defendant, Don Lichterman, discussed the management and direction of the litigation. Defendant informed counsel that he had irreconcilable differences over issues arising out of the management and direction of the litigation. As a result, defendant and counsel agreed that they would not work together on this matter. Michael Ritigstein was discharged as counsel as per an e-mail dated January 14, 2008. *See Exhibit "A."* In the e-mail defendant indicates that he will obtain new counsel to litigate the matter and he requested that the file be returned to his office.

Additionally, in addressing motions to withdraw as counsel, district courts have typically considered whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Brown v. National Survival Games, Inc., 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (finding that because

"[discovery] is not complete and the case is not presently scheduled for trial. . . . granting the instant motion will not likely cause undue delay.")

In the present case, a trial date is currently not scheduled and the discovery phase of litigation recently began on January 15, 2008. Therefore, defendants will not be prejudiced as a result Mr. Ritigstein's withdrawal as counsel. Further, Mr. Ritigstein was terminated by Defendants, Don Lichterman and SRG. As such, it would be improper to continue to act on their behalf.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully requested that the Order be granted to relieve Michael D. Ritigstein, Esquire as counsel for defendants, Sunset Holdings, LLC (improperly captioned "Sunset Records Group, Inc.") and Don Lichterman.

                                LAW OFFICES OF MICHAEL D. RITIGSTEIN

                        BY:     _____
                                MICHAEL D. RITIGSTEIN, ESQUIRE (MR-2167)
                                200 Haddon Avenue
                                Haddonfield, NJ 08033
                                Telephone Number: (856) 427-4222
                                Attorneys for Defendants

DATED: January 21, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

THE DISCO BISCUITS

                      Plaintiff,

vs.

SUNSET RECORDS GROUP, INC., DON
LICHTERMAN, JOHN DOE 1 and JOHN DOE 2

                  Defendants.
-----------------------------------------------------------------X

Docket No. 07 CV 5909
Hon. Naomi Reice Buchwald

**ORDER**

THIS MATTER having been brought before the Court by The Law Offices of Michael D. Ritigstein, counsel for defendants, Sunset Holdings, LLC (improperly captioned "Sunset Records Group, Inc.") and Don Lichterman, for an Order granting attorney, Michael D. Ritigstein, to be relieved as counsel for defendants, Sunset Holdings, LLC (improperly captioned "Sunset Records Group, Inc.") and Don Lichterman; and notice having been given to all parties; and the Court having considered the parties submissions; and for good cause shown;

IT IS on this_____day of _____, 2008;

**ORDERED** that attorney, Michael D. Ritigstein's Motion to Withdraw as Counsel for defendants, Sunset Holdings, LLC (improperly captioned "Sunset Records Group, Inc.") and Don Lichterman, is hereby GRANTED;

**IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all parties within _____days of its receipt.

                                                          _____
                                                          Hon. Naomi Reice Buchwald, U.S.D.J.

## PROOF OF SERVICE

The undersigned hereby certifies that:

On January 21, 2008, I served on the addressees listed below, via Certified Mail and upon plaintiff's counsel via e-filing, a copy of the within Notice of Motion and Affidavit of Counsel in Support of the Motion on Behalf of Attorney, Michael D. Ritigstein, to Be Relieved as Counsel for Defendants, Sunset Holdings, LLC (improperly captioned "Sunset Records Group, Inc.") and Don Lichterman:

Austin Graff, Esquire
The Scher Law Firm
One Old Country Road, Suite 382
Carle Place, New York 11514

Mr. Donald Lichterman
Sunset Holdings, LLC
1928 The Woods II
Kennet Court
Cherry Hill, NJ 08003

The foregoing statement made by me is true. I am aware that if the statement is willfully false, I am subject to punishment.

Michael D. Ritigstein, Esquire (MR-2167)
Law Offices of Michael D. Ritigstein
200 Haddon Avenue
Haddonfield, NJ 08033
Telephone Number: (856) 427-4222

# EXHBIT "A"

## Michael Ritigstein

**From:** DON LICHTERMAN / SUNSET RECORDS (SRG) [Don.Lichterman@SunsetRecordsGroup.com]
**Sent:** Monday, January 14, 2008 3:42 PM
**To:** mritigstein@ritigsteinlaw.com
**Subject:** Re: Litigation w/ Disco Biscuits

[redacted] That will then give me the time to handle getting new council to handle this case.

[redacted] I will have you deliver all paperwork related to this case to one of my offices.